FILED BY _____ D.C.

05 AUG 23 AM 6:53

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CURTIS L. BYRD, JR.,

    Plaintiff,

vs.                                    No. 04-2998-D/P

LESLIE I. BALLIN, et al.,

    Defendants.

ORDER GRANTING DEFENDANT BALLIN'S MOTION
TO SET ASIDE DEFAULT
AND
ORDER DENYING PLAINTIFF'S MOTION FOR A
DEFAULT JUDGMENT AGAINST DEFENDANT BALLIN

    Plaintiff Curtis L. Byrd, Jr. commenced this action by filing a legal malpractice complaint in the Shelby County Circuit Court, docket number CT-005216-04, on September 13, 2004 against defendant Leslie I. Ballin, an attorney who represented Byrd in a federal criminal prosecution arising out of this district. See Notice of Removal, Ex. A. On or about November 15, 2004, plaintiff filed an amended complaint that, for the first time, added the National Bank of Commerce ("NBC") and three individuals, Sheila Burnett, Latoria Johnson, and Patricia Cook, as defendants. See Notice of Removal, Ex. B. The claims against NBC arose under, inter alia, the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., and Tennessee law. NBC was served with the amended complaint on November 19, 2004 and

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

removed this action to federal court, pursuant to 28 U.S.C. § 1446(d), on December 9, 2004.

On December 13, 2004, plaintiff filed a document, entitled "Application for Default Judgement Against Leslie I. Ballin," which purported to seek a summary judgment against Ballin because of his failure to appear and defend the action. On December 14, 2004, the Clerk construed the filing as an application for entry of default pursuant to Fed. R. Civ. P. 55(a) and, as so construed, denied the application. On December 17, 2004, plaintiff filed an application for entry of default pursuant to Fed. R. Civ. P. 55(a), accompanied by a copy of the return of service on Ballin. The Clerk entered a default against Ballin on December 20, 2004.

On December 22, 2004, defendant Ballin filed a motion, pursuant to Fed. R. Civ. P. 55(c), to set aside the default, accompanied by a memorandum of law. Plaintiff filed a response in opposition to the motion on December 28, 2004. On January 18, 2005, plaintiff filed a document, entitled "Plaintiff's Supplement and Amendment to Response to 'Motion to Set Aside Default.'"[1]

On December 22, 2004, plaintiff filed a motion for a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), against defendant Ballin, accompanied by a memorandum of law. Defendant Ballin has not responded to the motion, and the time for a response has expired.

---

[1] As the motion has been fully briefed, plaintiff should have sought leave of Court prior to filing this additional document. In an order issued on February 4, 2005, the parties were cautioned about the local rules concerning reply briefs. The Court will exercise its discretion to consider the plaintiff's additional filing in this instance.

2

With respect to the motion to set aside the default, defendant Ballin makes two arguments: first, that entry of default was inappropriate, and second, that he is entitled to relief pursuant to Rule 55(c). The Court will consider those arguments in turn.

With respect to his argument that entry of default was inappropriate, defendant Ballin sets forth the following chronology, which is essentially undisputed by the plaintiff:[2]

1. September 13, 2004: Plaintiff files original Complaint and Summons against Ballin in the Circuit Court for the Thirtieth Judicial District at Memphis, Shelby County (hereinafter "Circuit Court), under Docket No. CT-005216-04, Curtis L. Byrd, Jr. v. Leslie I. Ballin.

2. October 19, 2004: After failing to obtain service on Ballin, Plaintiff has another Summons issued for Ballin in Circuit Court Case No. CT-005216-04, Curtis L. Byrd, Jr. v. Leslie I. Ballin.

3. November 12, 2004: Ballin receives Summons.

4. November 15, 2004: Plaintiff files an Amended Complaint in Circuit Court under Case No. CT-005216-04, Curtis L. Byrd, Jr. v. Leslie I. Ballin, National Bank of Commerce, Sheila Burnett, Latoria Johnson & Patricia Cook, but does not serve a copy of the Amended Complaint on Ballin.

5. December 9, 2004: Co-defendant NBC files a notice of removal in this Court, and a "Notification of Notice of Removal" in Circuit Court, but does not provide copies to defendant Ballin.

6. December 13, 2004: Plaintiff files "Motion to Remand to State Court."

7. December 13, 2004: Plaintiff files "Motion for Summary Judgment Against Leslie I. Ballin" but, contrary to the representation in the certificate of

---

[2]   The Court has omitted those portions of the chronology that are irrelevant to whether Ballin is, technically, in default.

3

service, did not mail a copy to Ballin's attorney until December 20, 2004.[3]

8. <u>December 13, 2004</u>: Plaintiff files "Application for Default Judgment" against Ballin, but does not serve a copy on Ballin.[4]

---

[3] The certificate of service attached to this motion states: "I, Curtis L. Byrd, Jr., hereby certify that I have mailed a copy of the foregoing motion to Richard Glassman, 28 N. 2nd St., Memphis, TN 38103 (attorney for Leslie Ballin), this 13th day of December, 2004." However, Ballin, through counsel, states that a copy was not mailed to him until December 20, 2004. Memorandum of Law in Support of Motion to Set Aside Default, filed Dec. 22, 2004 ("Ballin 55(c) Br."), at 3; <u>see also id.</u> at 4-5, 8. In response, plaintiff states that "plaintiff had no obligation to serve [the summary judgment] motion until such time as a hearing date is set. He decided to serve it earlier as a courtesy only." Response to "Motion to Set Aside Default," filed Dec. 28, 2004, at 3. Plaintiff's interpretation of the applicable rules is seriously in error. Rule 5(a) of the Federal Rules of Civil Procedure provides as follows:

> Except as otherwise provided in these rules, every order required by its terms to be served, ever pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, <u>every written motion other than one which may be heard ex parte</u>, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper <u>shall be served on each of the parties</u>. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

Nothing in Rule 55(c) alters the obligation to serve summary judgment motions on opposing parties. (Moreover, Rule 5(a) provides that copies of all motions must be served on <u>all</u> parties, not just the party to whom the motion is directed. A copy of plaintiff's summary judgment motion with respect to Ballin was not served on NBC.)

Moreover, Fed. R. Civ. P. 5(d) provides that "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, <u>must be filed with the court within a reasonable time after service</u>." Thus, a certificate of service is an attestation that a party <u>has already served</u> the adverse parties with the paper filed in court; it is not a promise to make service at some indefinite point in the future. Plaintiff's certificate of service on the summary judgment motion, which stated that Ballin's counsel was served on December 13, 2004, was plainly a misrepresentation. **Plaintiff is CAUTIONED that service on all adverse parties must be made in accordance with Rule 5 of the Federal Rules of Civil Procedure. Any future misrepresentations in connection with the procedural requirements applicable to this action may subject the plaintiff to sanctions, including monetary penalties.**

[4] It does not appear that an application pursuant to Fed. R. Civ. P. 55(a) need be served on the defaulting party. <u>See also</u> Fed. R. Civ. P. 5(a) (last sentence). (Because plaintiff at that time anticipated the remand of this case to state court, he filed his application pursuant to Tenn. R. Civ. P. 55.01, which
(continued...)

4

9. <u>December 14, 2004</u>: The Clerk of Court for the United States District Court for the Western District of Tennessee enters "Order Denying Default Judgment," but does not mail a copy to Ballin or his attorney, who had not yet appeared in the action.[5]

10. <u>December 15, 2004</u>: The law firm of Glassman, Edwards, Wade & Wyatt, P.C. files its "Notice of Appearance" on behalf of Ballin in this federal case.[6]

11. <u>December 15, 2004</u>: After learning of the previously filed "Notice of Removal," counsel for Ballin file a "Joinder Into and Consent to Co-Defendant National Bank of Commerce's Notice of Removal" in this federal action.

12. <u>December 17, 2004</u>: Plaintiff files "Notice of Default and Application to Clerk for Entry of Default Against Leslie I. Ballin," but does not serve a copy on Ballin. (<u>See supra</u> p. 4 n.4.)

13. <u>December 20, 2004</u>: Counsel for Ballin receives copy of "Default" entered by the Clerk against him pursuant to Fed. R. Civ. P. 55(a).[7]

Plaintiff was not, technically, entitled to entry of default, pursuant to Fed. R. Civ. P. 55(a), for several reasons. First, it is not clear when Ballin's response was due and, therefore, it is not clear that Ballin was in default on December 17, 2004. The summons for Ballin was issued on October 19, 2004 and it, along with a copy of the original complaint, were delivered to the receptionist at Ballin's office on November 12, 2004. Assuming that Ballin chose

---

[4] (...continued) requires service on the defaulting party.)

[5] Nothing in this order is intended to suggest that the Clerk's conduct with respect to the transmittal of orders was not in accordance with the Federal Rules.

[6] The docket sheet erroneously indicates that that notice was filed on December 17, 2004.

[7] By that time, Ballin's counsel had filed a notice of appearance and, therefore, they were included in all mailings from the Clerk.

5

Case 2:04-cv-02998-BBD-tmp   Document 71   Filed 08/23/05   Page 6 of 9    PageID 35

to accept this means of service, which was not in strict compliance with Tennessee law, see Tenn. R. Civ. P. 4.04(1), Ballin's response was due thirty (30) days later, on Monday, December 13, 2004, see id. 12.01. Ballin did not respond to the complaint by that date, and he also did not seek an extension of time in which to respond.[8]

However, on November 15, 2004, plaintiff filed an amended complaint, which he was entitled to do as of right, id. 15.01, that reasserted the original claim against Ballin and added NBC as an additional defendant. Pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure, "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 15 days of service of the amended pleading, whichever period may be longer, unless the court otherwise orders" (emphasis added). Plaintiff concedes that he did not serve a copy of the amended complaint on Ballin and, therefore, the additional fifteen days provided by Tenn. R. Civ. P. 15.01 had not begun to run when plaintiff obtained a default on December 20, 2004.

It is unnecessary to consider at length the effect of NBC's removal of this action on December 9, 2004 on plaintiff's application for a default against Ballin. The procedure after removal is governed by Fed. R. Civ. P. 81(c), which provides in pertinent part as follows:

> These rules apply to civil actions removed to the United States district courts and govern procedure after

---

[8] If Ballin was not prepared to respond to the complaint on that date, the better practice (at least in federal court, where the case was at the time) would have been for him to file a motion for an extension of time, which would have been granted as a matter of course and would have avoided much motion practice.

6

removal. Repleading is not necessary unless the court so orders. <u>In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest</u>. (Emphasis added.)

The application of Rule 81(c) to this case is complicated by two factors. First, it is not clear that NBC complied with that portion of 28 U.S.C. § 1446(d) that requires that, "[p]romptly after the filing of such notice of removal of a civil action, the defendant or defendants shall give written notice thereof to all adverse parties." Ballin's filing does not indicate when, and how, he learned that this action was removed from state court, although he plainly learned that the action had been removed no later than December 15, 2004, when he indicated his consent to removal.[9] Second, in this case there is both an "initial pleading" and an amended pleading, which, as previously stated, <u>see</u> <u>supra</u> p. 6, was never served on Ballin as required by Tennessee law. See <u>Norsyn, Inc. v. Desai</u>, 351 F.3d 825, 829 & n.4 (8th Cir. 2003) (the sufficiency of service prior to removal must be decided under state law).[10] Under those circumstances, Ballin had no

---

[9] This seems to lead to an anamoly where, as here, a defendant files a notice of removal without notifying a codefendant, who may have no knowledge of the applicability of the shorter time periods in Federal Rules of Civil Procedure to his time for responding to the complaint. <u>Cf.</u> 4B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1149 (3d ed.) ("it no longer is necessary that the removal notice precede the filing of the petition, or that it be accomplished within any specific time after the filing of the petition").

[10] The "or otherwise" language in Rule 81(c) does not obviate the need for proper service. <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354-55 (1999).

7

obligation to respond to the amended complaint. <u>Norsyn</u>, 351 F.3d at 830.

Because Ballin had incurred no obligation to "plead or otherwise defend" this action, plaintiff was not entitled to entry of default pursuant to Fed. R. Civ. P. 55(a). Rule 55(c) provides in pertinent part that, "[f]or good cause shown the court may set aside an entry of default." As Ballin was not in default, the Court finds good cause for setting aside the entry of default. Accordingly, the Court GRANTS Ballin's motion to set aside the entry of default[11] and DENIES plaintiff's motion for a default judgment.

IT IS SO ORDERED this 22 day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[11] Because the Court finds that Ballin was not in default, it is not necessary to consider the additional arguments as to whether Ballin has shown good cause to set aside a properly entered default.

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 71 in case 2:04-CV-02998 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

---

R. Scott McCullough
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Curtis L. Byrd
1395 Worthington Circle
Memphis, TN 38114

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Van Davis Turner
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT