IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 AUG 19 PM 2: 49

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CURTIS L. BYRD, JR., | X X X | |
| Plaintiff, | X X | |
| vs. | X | No. 04-2998-D/P |
| LESLIE I. BALLIN, et al., | X X | |
| Defendants. | X X | |

ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW REMAND MOTION

Plaintiff Curtis L. Byrd, Jr. commenced this action by filing a legal malpractice complaint in the Shelby County Circuit Court, docket number CT-005216-04, on September 13, 2004 against defendant Leslie I. Ballin, an attorney who represented Byrd in a federal criminal prosecution arising out of this district. See Notice of Removal, Ex. A. On or about November 15, 2004, plaintiff filed an amended complaint that, for the first time, added the National Bank of Commerce ("NBC") and three individuals, Sheila Burnett, Latoria Johnson, and Patricia Cook, as defendants. See Notice of Removal, Ex. B. The claims against NBC arose under, inter alia, the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., and Tennessee law. NBC was served with the amended complaint on November 19, 2004 and removed this action to federal court, pursuant to 28 U.S.C. § 1446(d), on December 9, 2004.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

On December 13, 2004, plaintiff filed a notice of voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(i), of his claim against NBC pursuant to the RFPA, and a motion seeking to remand the action to state court for lack of federal jurisdiction. Subsequently, on December 15, 2004, defendant Ballin filed a notice indicating his consent to removal of the action, thus removing one of the grounds on which the plaintiff had sought to remand the case. On December 17, 2004, NBC filed a response in opposition to plaintiff's motion to remand. Plaintiff filed a motion for leave to withdraw his remand motion on December 17, 2004. Finally, on December 20, 2004, plaintiff filed an amendment that, <u>inter alia</u>, purported to reinstate the RFPA claim against NBC.

The plaintiff's various motions and filings raise a number of complex procedural issues that merit discussion only because they are relevant to the merits of the numerous applications subsequently made by this plaintiff for defaults against various defendants. Before venturing into this procedural thicket, it is perhaps useful first to state the bottom-line conclusion that the plaintiff's motion to withdraw the December 13, 2004 motion to remand is GRANTED. As a result, for the reasons set forth below, the case remains in federal court and the claims asserted against NBC include a claim pursuant to the RFPA.

The first issue relates to the validity of the plaintiff's notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(i). "The right of voluntary dismissal by notice prior to service of the answer or a motion for summary judgment extends as

2

fully to cases removed from a state court as it does to cases commenced in a federal court. Indeed, it frequently is used in this situation when a plaintiff, who is unwilling to prosecute the action in federal court, wishes to dismiss in order to start a new action in state court and preclude removal by the joinder of nondiverse parties, a change in the amount sought, or otherwise." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363, at 257-58 (2d ed. 1995) (footnote omitted).[1] However, plaintiff did not voluntarily dismiss the action; instead, he sought, through his December 13, 2004 filings, to dismiss only the sole federal claim. It is not clear that he is entitled to do this.

Rule 41(a), on its face, refers to the dismissal of "an action," not to a single claim. Letherer v. Alger Group, L.L.C., 328 F.2d 262, 266 (6th Cir. 2003).[2] Where, as here, a plaintiff seeks to dismiss a claim against one of several parties, he must proceed pursuant to Fed. R. Civ. P. 15(a). 9 Charles Alan Wright & Arthur R. Miller, supra, § 2362, at 86 (Supp. 2005). Thus, the next matter to be addressed is the appropriate treatment of the December 13, 2004 "notice" under Rule 15(a).[3]

---

[1]  Thus, contrary to NBC's position, plaintiff's desire to abandon the federal claim in order to ensure that the action would be heard in state court is not, in itself, abusive. It is, however, as will be discussed infra, inappropriate to do that by attempting to voluntarily dismiss only one claim in a pending action.

[2]  Although the opinion in Letherer, 328 F.2d at 266 n.2, recognized a split among the circuits on the availability of Rule 41 when a plaintiff seeks to dismiss all claims against one or more parties, in this case the plaintiff sought to dismiss only the federal claim against NBC while retaining NBC as a party to the action.

[3]  As the plaintiff plainly had no intention, at the time he filed the "notice," of voluntarily dismissing his claim against Ballin or his state-law
(continued...)

3

Rule 15(a) provides, in pertinent part, as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave to court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

However, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1477, at 562 (2d ed. 1990); see also id. at 562-63; id. at 60-61 (Supp. 2005) (collecting cases).[4] Accordingly, to the extent the December 13, 2004 filing is construed as a motion for leave to amend, such leave is DENIED.[5]

The plaintiff's December 13, 2004 motion to remand was based on the assumption that he had destroyed federal jurisdiction by voluntarily dismissing the RFPA claim against NBC. For the reasons

---

[3] (...continued) claim against NBC, it would not be appropriate to construe the notice as an attempt to voluntarily dismiss the entire action pursuant to Fed. R. Civ. P. 41(a)(1)(i), even though that construction would accomplish the plaintiff's purpose at the time he filed the motion of permitting a newly filed action to proceed in state court. Moreover, plaintiff's subsequent change of heart about the advisability of litigating this action in state court also militates against such a construction. Finally, a contrary construction runs the risk of bringing into play the final sentence of Rule 41(a).

[4] For purposes of this order, it is unnecessary to decide whether the plaintiff was required to seek leave of court for his amendment in light of the fact that the complaint was amended in state court. A plaintiff cannot use his right to amend the complaint without leave of Court to destroy federal jurisdiction over the action. See, e.g., Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1312-13 (M.D. Ala. 2000); Marsh v. Tillie Lewis Foods, Inc., 257 F. Supp. 645 (D. S.D. 1966).

[5] Although the Court could permit the amendment on the theory that subject-matter jurisdiction is evaluated as of the date the notice of removal is filed, in this case the plaintiff filed another proposed amendment on December 20, 2004 that purported, inter alia, to reinstate the RFPA claim against NBC. The substance of that proposed amendment complaint will be addressed in a subsequent order.

4

discussed <u>supra</u>, plaintiff's assumption was erroneous. Moreover, on December 17, 2004, plaintiff filed a motion to withdraw his December 13, 2004 motion to remand. For good cause shown, plaintiff's motion to withdraw the motion to remand is GRANTED.[6]

IT IS SO ORDERED this __18th__ day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[6] The fact that defendant Ballin consented to removal eliminates one ground that would otherwise warrant remand of the case. Plaintiff's apparent assumption that federal jurisdiction exists over his legal malpractice claim against Ballin because of Ballin's consent to removal is in error. Subject-matter jurisdiction cannot be created by stipulation of the parties.

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 72 in case 2:04-CV-02998 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

---

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Curtis L. Byrd
1395 Worthington Circle
Memphis, TN 38114

Van Davis Turner
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

R. Scott McCullough
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT