IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CURTIS L. BYRD, JR., | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2998-D/P |
| LESLIE I. BALLIN, et al., | X | |
| Defendants. | X | |

ORDER STRIKING PROPOSED AMENDED COMPLAINT
FILED DECEMBER 20, 2004

Plaintiff Curtis L. Byrd, Jr. commenced this action by filing a legal malpractice complaint in the Shelby County Circuit Court, docket number CT-005216-04, on September 13, 2004 against defendant Leslie I. Ballin, an attorney who represented Byrd in a federal criminal prosecution arising out of this district. See Notice of Removal, Ex. A. On or about November 15, 2004, plaintiff filed an amended complaint that, for the first time, added the National Bank of Commerce ("NBC") and three individuals, Sheila Burnett, Latoria Johnson, and Patricia Cook, as defendants. See Notice of Removal, Ex. B. NBC was served with the amended complaint on November 19, 2004 and removed this action to federal court, pursuant to 28 U.S.C. § 1446(d), on December 9, 2004.

On December 20, 2004, plaintiff filed another amended complaint (the "second amended complaint") without seeking leave of Court or, apparently, obtaining the consent of the defendants. The

proposed second amended complaint added several additional claims against defendant Ballin and also purported to assert claims against two new defendants, the U.S. Postal Inspection Service and Probation Officer Lorie Green, who prepared the presentence report in plaintiff's criminal case. The new claims in the proposed second amended complaint, including the additional claims against Ballin, were the subject of a separate lawsuit commenced by this plaintiff, Byrd v. Burnett, et al., No. 04-2877-Ml/V (W.D. Tenn.), which was filed on November 1, 2004 and voluntarily dismissed on December 20, 2004. Thus, the sole effect of the proposed second amended complaint is to assert claims in this action that were the subject of another lawsuit assigned to a different judge.[1]

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In this case, the plaintiff assumed that he was entitled to amend his complaint once as a matter of course because his previous amendment occurred while the case was pending in state court. However, because the plaintiff has already amended his complaint once as a matter of right, he was not entitled to file a second amended complaint without leave of court. Whitehead v. Viacom, 233 F. Supp. 2d 715, 719 (D. Md.

---

[1] The proposed second amended complaint also reasserted the federal law claim against NBC, which plaintiff had attempted to voluntarily dismiss in order to ensure that the case would be remanded to state court. As is discussed in another order, however, the federal claim against NBC remains in the case even in the absence of this proposed amendment.

2

2002), aff'd, 63 Fed. Appx. 175 (4th Cir. May 21, 2003) (per curiam); Armstrong v. Unc-Lear Siegler, Inc., No. 98-CV-736, 1999 WL 123512 (N.D.N.Y. Mar. 1, 1999). As plaintiff has not sought leave of Court to file his second amended complaint, the Court ORDERS that that complaint be removed from the case file in this action.[2] The operative pleading in this action is the amended complaint, which was filed in state court on November 15, 2004.

IT IS SO ORDERED this 26th day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[2] Although it is not appropriate to address the merits of a motion for leave to amend at this time, as no such motion is currently pending, the Court notes that it is not appropriate for a litigant to engage in procedural machinations designed to ensure that his claims are heard by the judicial officer of his choice. As plaintiff originally chose to assert his various claims arising out of his criminal case in separate lawsuits, and to name Ballin as a party to both lawsuits, plaintiff's action in voluntarily dismissing case no. 04-2877 in order to assert the identical claims in this lawsuit has the appearance of "judge shopping."

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 77 in case 2:04-CV-02998 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Curtis L. Byrd
1395 Worthington Circle
Memphis, TN 38114

Van Davis Turner
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Larry Montgomery
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

R. Scott McCullough
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT